UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN MICHAEL F.,[1]

                Plaintiff,

    -v-                             CIVIL ACTION NO. 24 Civ. 1820 (RFT)

LEE DUDEK, ACTING COMMISSIONER      **OPINION & ORDER**
OF SOCIAL SECURITY,[2]

                Defendant.

ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE

      Before the Court is Defendant's motion for judgment on the pleadings. (*See* ECF 22, Def.'s Br.) Also before the Court are Plaintiff Steven Michael F.'s petition for review and cross-motion for judgment on the pleadings seeking judicial review of a final determination by Defendant Lee Dudek, Acting Commissioner of the Social Security Administration (the "SSA"), dismissing his request for Appeals Council review of the determination by the Administrative Law Judge (the "ALJ") of liability under the Social Security Act (the "Act") for repayment of overpayments, on the ground of failure to file a timely request for review. (*See* ECF 27, Pl.'s Mot. at 1-2.) Having carefully reviewed the administrative record (the "Record") and the submissions of the parties, and for the reasons set forth below, the Commissioner's motion for judgment on the pleadings is **GRANTED**; Plaintiff's cross-motion is **DENIED**; and Plaintiff's petition for review is **DISMISSED.**

---

[1]      To protect Plaintiff's privacy, he is identified by his first and middle names and last initial.

[2]      Lee Dudek is the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is substituted as the defendant in this action.

**BACKGROUND**

**I.     Procedural History**

In November 2017, Plaintiff was found disabled and entitled to disability insurance benefits. (R. at 107-17; ECF 22, Def.'s Opp. at 1.)[3] The SSA awarded Plaintiff's children, Angelia F. and Michael F., child's benefits on Plaintiff's account; Giovanna F. was assigned as the children's representative payee (the "Children's Representative"). (R. at 118-29.) On August 24, 2020, Plaintiff and the Children's Representative were notified that the SSA had overpaid their benefits. (*Id.* at 136-49.) On September 17, 2020, Plaintiff submitted a request for reconsideration. (*Id.* at 23, 150.) Between January 11, 2021 and January 18, 2021, the SSA sent additional notices of overpayment for new amounts to Plaintiff and the Children's Representative. (*Id.* at 151-73.) On March 20, 2021 and March 22, 2021, the SSA denied Plaintiff's request for reconsideration and issued notices to Plaintiff and the Children's Representative advising them of their total overpaid amounts due. (*Id.* at 175-88.)

On April 27, 2021, Plaintiff submitted a request for hearing before an ALJ. (*Id.* at 189-90.) That same day, the Children's Representative, on behalf of the children, filed additional hearing requests. (*Id.* at 191-94.) The ALJ issued a decision as to all parties on March 21, 2023, finding that the SSA cannot waive the overpayments and holding Plaintiff liable for the amounts due for himself and his children. (*Id.* at 27.)

---

[3]     Citations to "R." are to the administrative record, and the page citations are to the black numbers in the top right corner of each page and not to the blue numbers at the top of the page that are part of the ECF numbering system.

The ALJ's March 21 notice of decision required Plaintiff to file a written request for review to the Appeals Council within sixty days of receipt (*id.* at 20), and Plaintiff is assumed to have received the notice five days after its issue date. On June 30, 2023, thirty-six days after the deadline set by the ALJ's notice of decision, Plaintiff, through counsel, sent his request for review to the Appeals Council. (*Id.* at 18-19.) Plaintiff alleges good cause for failing to meet the deadline due to flare-ups of back pain that required over-the-counter medication, being somewhat depressed, and feeling embarrassment for needing to go outside the family for legal assistance. (*Id.*)

On January 3, 2024, the Appeals Council denied Plaintiff's request for review, finding a lack of good cause for untimeliness under current regulations. (*See id.* at 4-5.) On March 8, 2024, sixty days after it is assumed that Plaintiff received the notice of dismissal, Plaintiff timely filed this action seeking judicial review of the Appeals Council's dismissal, pursuant to 42 U.S.C. § 405(g). (*See id.* at 2; ECF 1, Compl.; ECF 2, Corrected Compl.) On September 6, 2024, Defendant filed a brief opposing Plaintiff's request for judicial review; Defendant referred to a motion for judgment on the pleadings but does not appear to have filed such a motion; nevertheless, I treat Defendant's filing as a motion for judgment on the pleadings. (*See generally* ECF 22, Def.'s Br.) On December 19, 2024, Plaintiff responded by filing a motion for judgment on the pleadings, which included his arguments in support of granting his motion; I construe this filing as a cross-motion for judgment on the pleadings. (*See generally* ECF 27, Pl.'s Mot.) On January 2, 2025, Defendant filed a brief in response to Plaintiff's cross-motion and in further support of its motion. (ECF 28, Def.'s Reply.)

**DISCUSSION**

**I.    Legal Standards**

"A motion for judgment on the pleadings should be granted if it is clear from the pleadings that the moving party is entitled to judgment as a matter of law." *Hayward v. Comm'r of Soc. Sec.*, No. 18-CV-10402 (SN), 2021 WL 982296, at *3 (S.D.N.Y. Mar. 16, 2021) (quoting *Burns Int'l Sec. Servs., Inc. v. Int'l Union, United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir. 1995)); *see also* Fed. R. Civ. P. 12(c).[4]

An individual may file a civil action seeking judicial review of any final determination made by the Commissioner within sixty days after mailing of such notice of decision. *See* 42 U.S.C. § 405(g). "[W]here the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a final decision . . . within the meaning of § 405(g)." *Smith v. Berryhill*, 587 U.S. 471, 489 (2019). If the SSA dismissed a case on procedural grounds, the court should restrict its review to the procedural basis for the Appeals Council's dismissal. *See Hayward*, 2021 WL 982296, at *3. Procedural decisions are reviewed under an "abuse of discretion" standard as to the conclusion and under a "substantial evidence" standard as to factual determinations. *See id.*; *see also* 42 U.S.C. § 405(g). "[I]f substantial evidence supports the Commissioner's determination that a claimant did not timely request review, a court will review the agency's good cause determination for abuse of discretion." *Hayward*, 2021 WL 982296, at *3; *see also Bowen v. City of New York*, 476 U.S. 467, 483 (1986). The reviewing court is limited to

---

[4]    Unless otherwise indicated, this Opinion and Order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

determining whether the SSA's conclusions were based on the correct legal standard and supported by "more than a mere scintilla" of evidence. *Brown v. Berryhill*, No. 15-CV-8201 (VSB) (BCM), 2017 WL 2493275, at *5 (S.D.N.Y. Mar. 3, 2017).

In determining whether a claimant has shown good cause for missing a deadline to request review, the SSA considers: (1) what circumstances kept the claimant from making a timely request; (2) whether an action by the SSA misled the claimant; (3) whether the claimant did not understand the requirements of the Act, other legislation, or court decisions; and (4) whether the claimant had any physical, mental, educational, or linguistic limitations that prevented timeliness. 20 C.F.R. § 404.911(a). The regulations provide examples of good cause, including, as relevant here, that the claimant was "seriously ill and w[as] prevented from contacting [the SSA] in person, in writing, or through a friend, relative, or other person," and whether "[u]nusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely." *Id.* § 404.911(b).

## II.   The Appeals Council Did Not Abuse Its Discretion

Plaintiff does not contest that his filing was untimely. Instead, Plaintiff asserts there was good cause to enlarge the deadline to file his request for review due to flare-ups of his chronic back pain requiring over-the-counter medication, his depression, and his embarrassment for needing to go outside the family for legal assistance. (R. at 18-19.) The Appeals Council did not abuse its discretion when it concluded that Plaintiff had failed to demonstrate good cause: the

Appeals Council applied the proper legal standard and its conclusion was appropriately supported. (*See id.* at 4-5 (citing 20 C.F.R. §§ 404.911, 404.968).)

Plaintiff received proper notice from the ALJ's notice of decision of the deadline to file a request for Appeals Council review and how the deadline would be calculated. (R. at 4, 20-21.) The relevant questions are whether Plaintiff was "seriously ill" and "prevented from contacting [the Appeals Council] in person, in writing, or through a friend, relative, or other person," or whether there were "[u]nusual or unavoidable circumstances," including physical or mental limitations, "which prevented [Plaintiff] from filing timely." 20 C.F.R. § 404.911(b). Under the circumstances of this case, the two inquiries are essentially the same – whether Plaintiff's physical and/or mental health conditions prevented him from filing timely.

Plaintiff asserts that he missed the deadline because he began experiencing flare-ups of his severe and constant back pain, which required the use of over-the-counter medications and prevented him from managing his daily activities and which made it extremely difficult for him to meet deadlines. (ECF 27, Pl.'s Mot. at 2-3.) Plaintiff argues that his inability to function was further exacerbated by his depression, and that the combination of chronic pain and depression led to extreme fatigue and lack of concentration. (*See id.* at 3.)

Plaintiff's back pain and depression may have prevented him from acting independently to timely file his request with the Appeals Council, but Plaintiff provides no explanation for how the debilitating back pain, which Plaintiff was treating with over-the-counter medication, combined with depression, prevented him from seeking aid from a lawyer, family member, or friend. As the Commissioner points out, Plaintiff worked with counsel in connection with his request for reconsideration by the ALJ. (*See* ECF 22, Def.'s Opp. at 1, 6 (citing R. at 150).) He also

6

is working with counsel in connection with this cross-motion for judgment on the pleadings. (*See* ECF 27, Pl.'s Mot. at 3.) He therefore had connections with lawyers who could have helped him timely file with the Appeals Council.

Plaintiff argues that he was too embarrassed to find legal assistance to meet the deadline. (R. at 18.) However, he provides no explanation for why the embarrassment became overwhelming in connection with making a timely filing with the Appeals Council, when he had previously worked with a lawyer in connection with seeking benefits (and has subsequently worked with a lawyer). Nor has Plaintiff explained why he could not have sought help from a family member. Plaintiff's disability, standing alone, is not sufficient to meet his burden of showing good cause for the untimely filing. *See, e.g.*, *Dority v. Comm'r of Soc. Sec.*, No. 14-CV-0285, 2015 WL 5919947, at *5 (N.D.N.Y. Oct. 9, 2015) (applying 20 C.F.R. § 404.91 and finding that "[a]lthough an ALJ must take into consideration a plaintiff['s] mental limitation in determining good cause, evidence that a plaintiff suffers from a mental impairment, or even that the impairment is considered severe, does not in and of itself, generate good cause for failure to attend a hearing"). Plaintiff has not shown that he was prevented from contacting the SSA in writing or through a proxy due to serious illness. *See* 20 C.F.R. § 404.911(b)(1).

Ultimately, it is a plaintiff's burden to demonstrate good cause for failure to timely file, and Plaintiff here has not come forward with evidence or even specific arguments about his situation (as opposed to generalities about chronic pain and depression). In the absence of such evidence or argument, I can find no abuse of discretion by the Appeals Council. *See Binckes v. Comm'r of Soc. Sec.*, No. 20-CV-0635 (AMD), 2021 WL 1026568, at *2-3 (E.D.N.Y. Mar. 16, 2021) (affirming the Appeals Council's dismissal of the plaintiff's untimely request for review, because

the plaintiff had failed to provide "corroborating evidence" establishing good cause for missing the filing deadline); *see also Jacqueline E. v. Saul*, No. 17-CV-0414, 2020 WL 1234949, at *5 (W.D.N.Y. Mar. 13, 2020) ("As it is the claimant's burden to show good cause, the [C]ourt can find no abuse of discretion where [the p]laintiff failed to present any retrospective documentation regarding h[is] untimely filing.").

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is **GRANTED**; Plaintiff's cross-motion for judgment on the pleadings is **DENIED**; and this matter is **DISMISSED**. The Clerk of Court is respectfully requested to terminate all pending motions and close this case.

Dated: February 25, 2025
　　　　New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**